1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   WELLS FARGO BANK, NA,              No. 2:11-cv-00437-MCE-EFB

12           Plaintiff,

13       v.                            **MEMORANDUM AND ORDER**

14   NAZEFEA AHMADI, DOR MATTAEE,
     DOES 1 THROUGH 10, INCLUSIVE,
15
           Defendants.
16

17                      ----oo0oo----

18

19       In this unlawful detainer action, Wells Fargo Bank

20   ("Plaintiff") alleges that Nazefea Ahmadi and Dor Mattaee

21   ("Defendants") currently occupy property that was purchased by

22   Plaintiff in a public auction following foreclosure.  Plaintiff

23   filed its original Complaint in Sacramento Superior Court.

24   Defendants have since removed to this Court on the basis of

25   federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

26   However, removal was improper because the instant action does not

27   arise under federal law.

28   ///

                                 1

1    It is fundamental that federal courts are courts of limited

2 jurisdiction.  Vacek v. United States Postal Serv., 447 F.3d

3 1141, 1145 (9th Cir. 2006).  Regardless of whether the issue is

4 raised by the parties, a district court has a duty to consider

5 the basis of subject matter jurisdiction sua sponte.  United

6 Investors Life Ins. v. Waddell & Reed, Inc., 360 F.3d 960, 966-67

7 (9th Cir. 2004).  See also Fed. R. Civ. P. 12(h)(3).  There is a

8 "strong presumption" against removal jurisdiction, and the

9 defendant bears the burden of establishing that removal is

10 proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

11 Where removal is based on federal question jurisdiction, a

12 federal question must appear on the face of the well-pleaded

13 complaint.  Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir.

14 1998).  A defendant cannot establish subject matter jurisdiction

15 by asserting a defense arising under federal law.  ARCO Envtl.

16 Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of

17 Montana, 213 F.3d 1108, 1113 (9th Cir. 2000).

18    In the Complaint, Plaintiff alleges unlawful detainer as its

19 sole cause of action.  An unlawful detainer action does not raise

20 a federal question.  See Wadhwa v. Aurora Loan Serv., LLC, No.

21 2:10-cv-03361-WBS-DAD;, 2011 WL 308416 (E.D. Cal. Jan. 27, 2011);

22 Aurora Loan Serv., LLC v. Gullatt, No. 1:10-cv-01108-AWI-DLB,

23 2010 WL 2574031 (E.D. Cal. June 24, 2010).  Accordingly, no

24 federal question appears on the face of the complaint.  In their

25 notice of removal, Defendants claim that removal is proper

26 because Plaintiff's claims arise under the Protecting Tenants at

27 Foreclosure Act ("PTFA").  However, Defendants cite PTFA as a

28 defense to the unlawful detainer cause of action.

Because jurisdiction cannot be based on a defense arising under federal law, there is no basis for subject matter jurisdiction in this case.

Based on the foregoing, the case is hereby REMANDED to The Superior Court of the State of California, County of Sacramento pursuant to 28 U.S.C. § 1447(c).  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: March 7, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE